## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 09-cr-30091-WDS |
| ) | |
| JULIE ANN FERGUSON, ) | |
| ) | |
| Defendant. ) | |

### ORDER

**STIEHL, District Judge:**

Before the Court are defendant's first (Doc. 43), second (Doc. 44), third (Doc. 45), and fourth (Doc. 46) motions to amend or correct judgment, to which the government has not filed a response.

On March 8, 2010, defendant entered a plea of guilty to four (4) Counts of making false statements to collect social security and other benefits on behalf of her children who were, in fact, living with and being taken care of by their father (Doc. 20). On August 25, 2010, defendant was sentenced to a split sentence of five (5) months imprisonment, followed by five (5) months of home confinement, on each of Counts 1, 2, 3, and 4, said terms to run concurrently (Doc. 37). Defendant self-reported to the Bureau of Prisons on October 14, 2010 (Doc. 47).

Defendant now asks this Court to alter or amend its sentence to give her credit for the sixty (60) days she spent at Gateway Foundation Drug and Evaluation Treatment Center ("Gateway") from September 7, 2009 to November 7, 2009, while she was out on bond. According to defendant, she was "forcibly detained" there by the United States Probation Office, who told her that she must go to Gateway for rehabilitation or go directly to county jail (Doc. 43). The defendant chose to go

to Gateway rather than go to jail. She now seeks credit for the sixty (60) days spent at Gateway so that she may be released from prison sooner, enabling her to continue her volunteer work at Gateway and begin paying the restitution ordered by this Court.

When this Court imposed its sentence, it was aware of defendant's participation in drug treatment as a result of the findings of the United States Probation Department, and also, because of defendant's two motions for continuances of her trial date so that she could focus solely on her rehabilitation and not have the added anxiety of plea negotiations and court dates (Docs. 12, 15). Furthermore, on August 25, 2010, many months after defendant had completed treatment at Gateway, defendant signed a sentencing agreement that included the following paragraph:

> The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for recommendations and concessions made by the United States in this agreement, the Defendant knowingly and voluntarily waives her right to contest any aspect of her conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determine by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.

(Doc. 36). In the same agreement, both the government and the defendant agreed that the sentencing guidelines range was ten (10) to sixteen (16) months imprisonment. Defendant's sentence was for a term of imprisonment of only five (5) months, below the range that defendant herself agreed was appropriate, plus five (5) months of home confinement, for a total sentence of ten (10) months -the low end of the applicable guidelines range.

In light of the fact that defendant was sentenced to five (5) months imprisonment, even if the Court were to consider her time at Gateway as time served for the same crime (which it arguably would not be since defendant attended a treatment facility for drug use and not for making false

statements), defendant's total "confinement" would be twelve (12) months, which is still four (4) months less than the high end of the guidelines range of sixteen (16) months, which defendant agreed was appropriate.

Furthermore, defendant has not cited any authority under which this Court could or should grant her relief.  Even if this Court construed defendant's motions as motions to vacate, set aside, or correct sentence pursuant to 18 U.S.C. § 2255, the Court could not, under applicable law, give defendant credit for time she spent at a rehabilitative facility while out on bond.  The Supreme Court has held, where a defendant is ordered by a judicial official to remain at a treatment facility while out on bail, she is not entitled to time served under 18 U.S.C. 3585(b), which provides credit for pre-sentence time served to federal confinement.  *Reno v. Koray*, 515 U.S. 50, 65 (1995).

After careful consideration of all submissions before the Court, the Court **DENIES** defendant's four motions to amend or correct judgment (Docs. 43, 44, 45, 46) on all grounds raised.

 **IT IS SO ORDERED**

**DATE:  January 7, 2011**

                                      **/s/  WILLIAM D. STIEHL**
                                          **DISTRICT JUDGE**